```
                    UNITED STATES BANKRUPTCY COURT
                 FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )   Chapter 7
STEPHEN KYLE BRYANT,            )
                                )   Bankruptcy No. 05-01016
     Debtor.                    )
                                )
SARAH A. JACKSON,               )
                                )   Adversary No. 08-09023
     Plaintiff,                 )
                                )
vs.                             )
                                )
STEPHEN KYLE BRYANT,            )
                                )
     Defendant.                 )
```

**ORDER RE: COMPLAINT TO DETERMINE DISCHARGEABILITY**

This matter came before the undersigned on January 8, 2009 on the Complaint to Determine Dischargeability. Plaintiff Sarah A. Jackson was represented by attorney Richard L. Boresi. Debtor/Defendant Stephen Kyle Bryant was represented by attorney Henry E. Nathanson. After the presentation of evidence and argument, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Plaintiff Sarah A. Jackson alleges that debt owed by Debtor Stephen Kyle Bryant to Wells Fargo Bank Iowa ("Wells Fargo") is not dischargeable under 11 U.S.C. § 523(a)(5) or (a)(15)(2004).[1] Debtor pleads that the debt is dischargeable because the evidence satisfies at least one of the prongs of § 523(a)(15) which permit discharge of dissolution debt.

---

[1] As Debtor filed his Chapter 7 petition prior to October 17, 2005, this Court applies the version of the Bankruptcy Code in effect prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

## FINDINGS OF FACT

Plaintiff and Debtor divorced on April 22, 2003. In the dissolution settlement agreement, Debtor agreed to refinance the first and second mortgages on their former home. Pl. Ex. 9 at 4. The purpose of this provision was to eliminate Plaintiff's liability on the mortgages. Id. In return, Plaintiff signed a Quit Claim Deed in favor of Debtor on June 18, 2003. Pl. Ex. 8. Debtor succeeded in refinancing the first mortgage but failed to refinance the second mortgage held by Wells Fargo. Debtor filed his Chapter 7 petition on March 16, 2005. Pl. Ex. 10. As a result of Debtor's bankruptcy, Wells Fargo sought repayment of $28,106.03 from Plaintiff. Pl. Ex. 11 at 1.

Since the dissolution, Debtor has remarried. Debtor is a finance manager with Charles Capper Auto Center, Inc. and his wife is a finance director at Johnny Ketelsen RV, Inc. Debtor previously worked at Cedar Rapids Dodge but lost his job in March of 2008. He obtained his current job in June of 2008. According to Debtor's Schedule I, the combined income of his family is $104,988 per year. Def. Ex. H at 2. Debtor lives with his wife and stepchild in a condo owned by his wife. There is no equity in the condo.

Plaintiff has also remarried. She works part-time as a plant liaison at Clipper Windpower, Inc. Her husband is a computer architect at Eagle Technology Management and consults part-time. Plaintiff's combined family income is approximately $109,000 per year. Pl. Ex. 3 at 1. Plaintiff lives with her husband, her two children from the marriage with Debtor, and a younger daughter. Plaintiff and her husband own two properties, their current residence and another property which they rent out.

## DISCHARGEABILITY OF DISSOLUTION DEBT

Section 523(a)(15) provides an exception to the discharge of debt if the debt was incurred by the debtor in the course of a divorce or in connection to a separation agreement unless (1) the debtor is unable to pay; or (2) the benefit to the debtor of discharging the debt outweighs the harm to a former spouse. The plaintiff has the burden to prove that the debt at issue falls within the scope of § 523(a)(15). In re Moeder, 220 B.R. 52, 56 (B.A.P. 8th Cir. 1998). A plaintiff can establish this by showing that the debt was incurred by the debtor through a settlement agreement arising out of a divorce proceeding. In re Ahlf, 354 B.R. 884, 888 (Bankr. N.D. Iowa 2006).

Neither party contests that the debt arose out of their dissolution settlement agreement.  The settlement agreement requires that Debtor refinance the second mortgage in order to release Plaintiff from liability.  Pl. Ex. 9 at 4.  Therefore, the burden shifts to Debtor to prove, by a preponderance of the evidence, that he is either incapable of paying the obligation or that the balance of harm weighs in favor of discharge.  Moeder, 220 B.R. at 56; In re Brown, 302 B.R. 637, 643 (Bankr. N.D. Iowa 2003).  To obtain a discharge of this obligation, Debtor must establish one of the two prongs of § 523(a)(15).  Ahlf, 354 B.R. at 888.

## ABILITY TO PAY

The first prong of § 523(a)(15)(A) permits discharge of dissolution debt if "the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor."  This Court applies the Chapter 13 disposable income analysis to § 523(a)(15) based upon the similarity in the language between § 1325(b)(2) and § 523(a)(15).  Brown, 302 B.R. at 644.  To determine the ability of the debtor to pay the debt, courts consider a number of factors: (1) the debtor's current and future earning potential; (2) whether the debtor's expenses are reasonably necessary; and (3) whether the debtor has sufficient excess income to pay the debt within a reasonable time.  In re O'Shaughnessy, 301 B.R. 24, 30-31 (Bankr. N.D. Iowa 2003).  The Court may include the income earned by Debtor's spouse when determining Debtor's ability to pay.  In re Eiklenborg, 286 B.R. 718, 722 (Bankr. N.D. Iowa 2002).

Itemized expenses must be evaluated to determine whether they are reasonably necessary.  O'Shaughnessy, 301 B.R. at 31.  This Court has adopted a "lumping method" to determine whether the debtor has the funds necessary to satisfy the debt.  Id.  This method divides the expenses into two categories: discretionary and non-discretionary.  Id.  The Court does not require a debtor to "live on bread alone."  Debtors are allowed some discretionary spending on items such as entertainment, clubs, recreation, and charity.  Id.  On the other hand, the debtor must make a "serious effort to pay creditors by eliminating unnecessary and unreasonable expenses."  Eiklenborg, 286 B.R. at 722.

Finally, the debtor must be capable of paying the debt within a reasonable time.  O'Shaughnessy, 301 B.R. at 31.  A reasonable period of time is not limited to the three- or five-

3

year term of a Chapter 13 plan.  Id.   This Court has previously held that a payment period of ten years was reasonable.  Id.

Debtor earns substantial income as a finance manager even when taking into consideration the deterioration in Debtor's earnings from 2002 to 2008.  Furthermore, Debtor's wife contributes income to the household.  According to Debtor's Schedule I, the combined family income equals slightly less than $105,000 per year.  Debtor argues that his future earning potential is tenuous given the state of the national economy and the fact that he only has a high school degree.  However, Debtor's ability to obtain a nearly identical position within three months of being terminated from his previous position demonstrates that his experience and skill are a valued asset in his industry.  Debtor provided no evidence, beyond the general state of the economy, that indicates his current job is endangered.

Despite Debtor's relatively high income, he claims that his expenses exceed his income by $154 per month.  Def. Ex. H at 2. After reviewing Debtor's Schedule J, it is apparent that areas exist where Debtor can eliminate expenses to pay Wells Fargo. Debtor's expenses include a number of discretionary items including Tai's college fund, Debtor's IRA, housekeeping supplies, miscellaneous expenses which include recreation and entertainment, and an "additional personal allowance."  The total amount of these categories equal $786 per month.  Merely reducing this discretionary spending by 42% frees $330 to pay down the debt.  An additional $100 per month will be available when Debtor's legal fees are paid in full and Debtor's wife completes her education.  If Debtor reduces these discretionary expenses, he can pay off the debt within ten years, utilizing a 7% interest rate.  Debtor's income and expenses are sufficient to pay the second mortgage within a reasonable period of time.

In summary, Debtor has not met his burden to prove he is incapable of repaying the second mortgage.

### BENEFIT VERSUS DETRIMENT

The second prong of § 523(a)(15)(B) permits discharge of dissolution debt if "discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse or child of the debtor."  In order to compare the impact of the debt on Debtor and Plaintiff, it is necessary to compare their living standards.  "If the [d]ebtor's standard of living is equal to or greater than [p]laintiff's,

4

then discharge of the debt is not appropriate." O'Shaughnessy, 301 B.R. at 32.

Debtor's standard of living is similar to Plaintiff's. This case has few similarities to the case cited by Debtor in his brief, In re Hardin, No. 06-30037, 2006 WL 2662707 (Bankr. S.D. Iowa August 21, 2006). In Hardin, the debtor was starting a career as a chiropractor. Id. at *1. She had relatively low earning potential as the median salary for chiropractors was $53,000. Id. The debtor had $210,000 in education loans and would likely need to borrow another $50,000-$80,000 before she could start earning any income in her profession. Id. The plaintiff had a stable career, earned approximately $76,000 per year, and had undisclosed business income. Id. at *2. Given the significant difference in the income and debt burdens of the debtor and the plaintiff, the court found that the debtor's former spouse was in a better position to repay the debt in question. Id. at *4.

Debtor and Plaintiff each have combined family incomes between $100,000 and $110,000. Unlike the debtor in Hardin, Debtor is an experienced finance manager and not carrying an unmanageable debt load. Debtor and his wife have incurred $24,000 in credit card debt since Debtor's bankruptcy. Def. Br. 3. The budget cuts contemplated above provide for both the credit card debt and payment of the second mortgage while leaving a reasonable amount for the living expenses of Debtor and his dependents.

Neither party owns significant assets that could be pledged to pay for the debt. Plaintiff and Debtor each own their residences but neither has any equity. Plaintiff owns another home that she rents to others but the rent from that property is less than the mortgage payment. Plaintiff has tried to sell the house without success. Finally, Plaintiff has additional expenses from having a larger family. Plaintiff and her husband support a family of five with a yearly income of $109,000. Debtor and his wife support a family of three with $105,000 in yearly income.

In summary, Debtor has not met his burden of prove that the benefits of discharge outweigh the detrimental impact of the discharge on Plaintiff.

## CONCLUSION

The debt owed by Debtor Stephen Kyle Bryant to Wells Fargo falls within the scope of § 523(a)(15). Debtor has failed to

prove that he is incapable of paying this debt or that the burden on Plaintiff from discharging the debt is outweighed by Debtor's need for a fresh start. Therefore, this Court concludes that the $28,106.03 owed by Debtor to Wells Fargo is excepted from discharge under § 523(a)(15).

Plaintiff's complaint also includes a claim for relief under § 523(a)(5). Compl. ¶ 9. The record contains no evidentiary support for this claim. Therefore, this claim for relief is denied.

**WHEREFORE**, Plaintiff's Complaint to Determine Dischargeability is GRANTED.

**FURTHER**, the debt owed by Debtor Stephen Kyle Bryant to Wells Fargo Bank Iowa is excepted from discharge pursuant to § 523(a)(15).

**FURTHER**, Plaintiff's claim under § 523(a)(5) is DENIED.

**FURTHER**, judgment shall enter accordingly.

Dated and Entered:

February 3, 2009.

_____
Paul J. Kilburg
Bankruptcy Judge

40/1